UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THU TRAN, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>NETLIST, INC., et al.,<br><br>                Defendants. | Civil Action No. 1:07-cv-03754-RMB<br><br><u>CLASS ACTION</u> |
| RAGAA BENJAMIN, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>NETLIST, INC., et al.,<br><br>                Defendants. | Civil Action No. 1:07-cv-05518-RMB<br><br><u>CLASS ACTION</u> |

MEMORANDUM IN SUPPORT OF THE MOTION OF IRON WORKERS LOCAL NO. 25
PENSION FUND FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND
FOR APPROVAL OF SELECTION OF LEAD COUNSEL

I.      **PRELIMINARY STATEMENT**

Presently pending before this Court[1] are two-related securities class action lawsuits (the "Actions") brought on behalf of all purchasers of Netlist, Inc. ("Netlist" or the "Company") who purchased their common stock pursuant and/or traceable to the Company's initial public offering ("IPO") on or about November 29, 2006 through April 17, 2007 ("Class Period"). The Actions allege violations of §§11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. §§77k, 77l(a)(2) and 77o), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

Iron Workers Local No. 25 Pension Fund ("Iron Workers") hereby moves this Court for an Order to: (i) consolidate the Actions; (ii) appoint Iron Workers as Lead Plaintiff in the Actions under §27 of the Securities Act; and (iii) approve Iron Workers' selection of the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") to serve as Lead Counsel.

This motion is made on the grounds that Iron Workers is the most adequate plaintiff, as defined by the PSLRA. Iron Workers incurred a substantial $480,121.23 loss on its transactions in Netlist stock. *See* Rosenfeld Decl., Ex. B.[2] To the best of its knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions. In addition, Iron Workers, for the purposes of this Motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure

---

[1] Additional related actions are also pending in the Central District of California. Contemporaneous with the filing of this motion, Ironworkers is also filing a motion seeking similar relief in the related actions pending in the Central District of California.

[2] References to the "Rosenfeld Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of David A. Rosenfeld dated July 27, 2007, and submitted herewith.

in that its claims are typical of the claims of the putative class and it will fairly and adequately represent the interests of the class.

## II.   FACTUAL BACKGROUND

Netlist engages in the design, manufacture and sale of memory subsystems for the server, computing and communications markets in the United States.

The Complaint charges Netlist and certain of its officers and directors with violations of the Securities Act. According to the Complaint, defendants made materially false and misleading statements in the Registration Statement and Prospectus filed with the Securities and Exchange Commission in connection with Netlist's IPO. Specifically, the Actions allege that defendants failed to disclose that at the time of the IPO: (a) two of the Company's primary customers were over-inventoried with product and would be reducing their purchases in the future until they worked through their inventory; (b) the Company was experiencing declining margins due to, among other things, an unfavorable sales mix of products; and (c) the Company's new products were having difficulty gaining market acceptance.  On November 30, 2006, the Prospectus with respect to the IPO, which forms part of the Registration Statement, became effective and 6.25 million shares of Netlist's common stock were sold to the public at $7 per share, thereby raising more than $43 million.

Then, on April 16, 2007, Netlist announced that revenues and earnings for the first quarter of 2007 would be lower than its previous guidance – given only two and a half months prior to this announcement.  The Company also announced weak guidance for the second quarter of 2007.  In response to this announcement, on April 17, 2007, the price of Netlist stock declined precipitously, falling from $5.97 per share to $4.29 per share – approximately 40% below the IPO price, on heavy trading volume.

## III. ARGUMENT

### A. The Actions Should Be Consolidated for All Purposes

The Actions each assert class claims on behalf of the purchasers of Netlist common stock for alleged violations of the Securities Act during the relevant time period. The Actions name the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased Netlist common stock pursuant and/or traceable to the Company's IPO in reliance on the integrity of the market for such stock and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of Netlist common stock at all relevant times. Consolidation is appropriate where there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42 (a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

### B. Iron Workers Should Be Appointed Lead Plaintiff

#### 1. The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1 and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §77z-1(a)(3)(A)(i). Plaintiff in the action entitled *Tran vs. Netlist, Inc., et al.*, Civil Action No. 1:07-cv-03754-RMB (the "*Tran* Action"), caused the first notice regarding the pendency of these Actions to be published on *Marketwire*, a national, business-oriented newswire service, on May 28, 2007. *See* Rosenfeld Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the

Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§77z-1(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §77z-1(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Iron Workers Satisfies the "Lead Plaintiff" Requirements of the Securities Act

#### a. Iron Workers Has Complied with the Securities Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §77z-1(a)(3)(A) and (B) expires on July 27, 2007. Pursuant to the provisions of the PSLRA, and within the requisite time frame after publication of the required notice on May 28, 2007, Iron Workers timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Iron Workers has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the class. *See* Rosenfeld Decl., Ex. C. In addition, Iron Workers has selected and retained competent counsel to represent itself and the class. *See* Rosenfeld Decl., Ex. D. Accordingly, Iron Workers has satisfied the individual requirements of 15 U.S.C. §77z-1(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and selection of Lead Counsel as set forth herein, considered and approved by the Court.

### b. Iron Workers Has the Requisite Financial Interest in the Relief Sought by the Class

During the relevant period, as evidenced by, among other things, the accompanying signed certification, *see* Rosenfeld Decl., Ex. C, Iron Workers incurred a substantial $480,121.23 loss on its transactions in Netlist stock. *See* Rosenfeld Decl., Ex. B. Iron Workers thus has a significant financial interest in this case. Therefore, Iron Workers satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §77z-1(a)(3)(B).

### c. Iron Workers Otherwise Satisfies Rule 23

According to 15 U.S.C. §77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, No. 97-C-2175, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 11, 1997). Iron Workers satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

Iron Workers satisfies this requirement because, just like all other class members, it: (1) purchased Netlist shares pursuant and/or traceable to the Company's IPO; (2) was adversely affected by defendants' false and misleading Prospectus; and (3) suffered damages as a result thereof. Thus,

Iron Workers' claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events. Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Iron Workers to represent the class to the existence of any conflicts between the interest of Iron Workers and the members of the class. The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the class; and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004).

Here, Iron Workers is an adequate representative of the class. As evidenced by the injuries suffered by Iron Workers and the class, the interests of Iron Workers are clearly aligned with the members of the class, and there is no evidence of any antagonism between Iron Workers' interests and those of the other members of the class. Further, Iron Workers has taken significant steps which demonstrate it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Iron Workers' proposed Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Iron Workers *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve Iron Workers' Choice of Counsel

Pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Iron Workers has selected the law firm of Lerach Coughlin as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions. *See* Rosenfeld Decl., Ex. D. Accordingly, the Court should approve Iron Workers' selection of counsel.

## IV.     CONCLUSION

For all the foregoing reasons, Iron Workers respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint Iron Workers as Lead Plaintiff in the Actions; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

DATED:  July 27, 2007

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN (SR-7957)
DAVID A. ROSENFELD (DR-7564)
MARIO ALBA, JR. (MA-7240)


          /s/ David A. Rosenfeld
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiffs

I:\Netlist\LP Motion\New York\LP Memo.doc

## CERTIFICATE OF SERVICE

I, David A. Rosenfeld, hereby certify that on July 27, 2007, I caused a true and correct copy of the attached:

> Notice Of Motion For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel;
>
> Memorandum In Support Of The Motion Of Iron Workers Local No. 25 Pension Fund For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel;
>
> Declaration of David A. Rosenfeld In Support Of The Motion Of Iron Workers Local No. 25 Pension Fund For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

                                                             s/ *David A. Rosenfeld*
                                                            DAVID A. ROSENFELD

NETLIST (NY)

Service List - 7/25/2007    (07-0131N)

Page 1 of 1

**Counsel For Defendant(s)**

Tyson E. Marshall
Morrison & Foerster, LLP
12531 High Bluff Drive, Suite 100
San Diego, CA  92130-2040
   858/720-5100
   858/720-5125 (Fax)

**Counsel For Plaintiff(s)**

Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Blvd., 1st Floor
Mineola, NY  11501
   516/741-4977
   516/741-0626 (Fax)

Michael A. Swick
Kim E. Miller
Kahn Gauthier Swick, LLC
12 East 41st Street, 12th Floor
New York, NY  10017
   212/696-3730
   504/455-1498 (Fax)

Lewis S. Kahn
Kahn Gauthier Swick, LLC
650 Poydras Street, Suite 2150
New Orleans, LA  70130
   504/455-1400
   504/455-1498 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario Alba, Jr.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)

Richard A. Maniskas
D. Seamus Kaskela
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
   610/667-7706
   610/667-7056 (Fax)