# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THU TRAN, Individually And <br> On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> NETLIST, INC., CHUN K. HONG, <br> CHRISTOPHER LOPES, NAM KI HONG, <br> THOMAS F. LAGATTA, ALAN H. PORTNOY, <br> DAVID M. RICKEY, PRESTON ROMM, <br> THOMAS WEISEL PARTNERS LLC, <br> NEEDHAM & CO. LLC, WR HAMBRECHT + <br> CO. LLC, <br><br> Defendants | DOCKET NUMBER: 07-cv-3754 <br><br> HON. RICHARD M. BERMAN |

(Caption continued on the following page)

**MEMORANDUM IN SUPPPORT OF THE MOTION OF THE TRAN GROUP TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

RAGGA BENJAMIN, Individually And On
Behalf of All Others Similarly Situated,

               Plaintiff,

      vs.

NETLIST, INC., CHUN K. HONG,
CHRISTOPHER LOPES, JAYESH BHAKTA,
PAIK KI HONG, NAM KI HONG, THOMAS F.
LAGATTA, ALAN H. PORTNOY, DAVID M.
RICKEY, PRESTON ROMM, THOMAS
WEISEL PARTNERS LLC, NEEDHAM & CO.
LLC, WR HAMBRECHT + CO. LLC,

               Defendants.

DOCKET NUMBER: 07-cv-5518

HON. RICHARD M. BERMAN

### TABLE OF CONTENTS

PRELIMINARY STATEMENT……………………………………………………..1

PROCEDURAL BACKGROUND…………………………………………………...2

STATEMENT OF FACTS…………………………………………………………3

ARGUMENT………………………………………………………………………..5

   I.      THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS………..5

   II.     THE TRAN GROUP SHOULD BE APPOINTED LEAD PLAINTIFF…………6

      A.    The Procedural Requirements Pursuant to the PSLRA………………………6

      B.    The Tran Group is "The Most Adequate Plaintiff"……………......................7

          1.     The Tran Group Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff…………………………………………………...7

          2.     The Tran Group Has the Largest Financial Interest…………………8

          3.     The Tran Group Satisfies the Requirements of Rule 23………………8

               i.   The Tran Group's Claims are Typical of the Claims of all the Class Members………………………………...………………..9

               ii.  The Tran Group Will Adequately Represent the Class…………10

   III.    THE COURT SHOULD APPROVE THE TRAN GROUP'S CHOICE OF LEAD COUNSEL …………………………………………………………..11

CONCLUSION…………………………………………………………………..12

## PRELIMINARY STATEMENT

The Tran Group (or "Movant") hereby moves to consolidate various related securities class actions filed against Netlist, Inc.[1] ("Netlist" or the "Company") and other defendants, to be appointed Lead Plaintiff in this action pursuant to §27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PLSRA"), and for approval of its selection of the law firms of Kahn Gauthier Swick, LLC ("KGS"), and Hagens Berman Sobol Shapiro, LLP ("Hagens Berman") as Lead Counsel for the Class in this case.

The Tran Group fully understands its duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action. As described in the Certifications attached to the Declaration of Kim E. Miller in Support of the Motion of the Tran Group to Consolidate All Related Actions, To Be Appointed Lead Plaintiff, and To Approve Proposed Lead Plaintiff's Choice of Counsel ("Miller Decl.") at Exhibit A, the Tran Group has suffered losses of $241,148.96 as a result of its members' purchases of shares of Netlist common stock pursuant or traceable to the Company's November 30, 2006 Initial Public Offering (the "IPO" or the "Offering") through April 17, 2007, inclusive (the "Class Period").[2] To the best of its knowledge, the Tran Group has sustained the largest loss of any investor seeking to be appointed as Lead Plaintiff.

---

[1] The related securities class actions include *Thu Tran v. Netlist, Inc., et al*, 07-cv-3754 (filed May 11, 2007) and *Ragga Benjamin v. Netlist, Inc., et al*, 07-cv-5518 (filed June 11, 2007). In addition, two similar actions involving the same Defendants were filed in the Central District of California: *Bruce Belodoff v. Netlist, Inc., et. al.*, 8:07-cv-00677-DOC (C.D. Cal.) (filed June 8, 2007) and *James Swofford v. Netlist, Inc., et. al.*, 2:07-cv-04006-PSG (C.D. Cal.) (filed June 20, 2007).

[2] Of the multiple complaints filed, the longest class period, asserted in the *Belodoff* action, ends on April 17, 2007. Accordingly, if the Tran Group's purchase of 12,300 shares on April 17, 2007 was eliminated from the loss calculation, the Tran Group's loss would be $12,051.00 less.

In addition to evidencing the largest financial interest in the outcome of this litigation, the Tran Group's Certifications demonstrate its members' intent to serve as Lead Plaintiff in this litigation, including their cognizance of the duties of serving in that role.[3]  Moreover, the Tran Group satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the "most adequate plaintiff."

Accordingly, the Tran Group respectfully submits this memorandum of law in support of its motion, pursuant to §27(a)(3)(B) of the Securities Act, as amended by the PSLRA, for an order: (1) consolidating all related actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Tran Group as Lead Plaintiff in this action pursuant to Section 27(a)(3)(B) of the Securities Act; and (3) approving Movant's selection of the law firms of KGS and Hagens Berman as Lead Counsel for the Class.

## PROCEDURAL BACKGROUND

The first lawsuit against defendants, *Thu Tran v. Netlist Inc., et al.*, No. 07-cv-3754, was filed on behalf of plaintiff Brickman Investments in the Southern District of New York on May 11, 2007.  Pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i), on May 28, 2007, the first notice that a class action had been initiated against Defendants was published on *Market Wire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than July 27, 2007.  *See* Miller Decl. at Exhibit B.

---

[3] The relevant federal securities laws specifically authorize any Class Member seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See* 15 U.S.C. § 77z-1a(3)(B)(iii).  A copy of the Tran Group's Certifications of their transactions in Netlist securities during the Class Period is attached as Exhibit A to the Miller Declaration that has been filed in support of this motion.

Members of the Tran Group are Class Members (*see* Miller Decl. at Exhibit A) who have timely filed this motion within the 60 day period following publication of the May 28, 2007 notice.

## STATEMENT OF FACTS[4]

Netlist is a designer and manufacturer of high performance subsystems, which are sold to original equipment manufacturers in the server, high performance computing, and communication markets. The Company's memory subsystems are incorporated into multiple platforms at IBM, Dell, Gateway and Hewlett-Packard and other OEM's.

This is a class action brought on behalf of purchasers of the common stock of Netlist on, or traceable to, the November 30, 2006 IPO of 7.1875 million shares of common stock. In connection with this Offering—of which 6.25 million shares were sold by the Company, and of which 937,500 shares were sold by Company insiders—defendants raised gross proceeds of at least $50.3125 million.

Netlist, its entire Board of Directors, its Vice-President of Sales and the Underwriters involved in the Offering (including Thomas Weisel Partners, LLC, Needham & Co., LLC and WR Hambrecht + Co.), are each charged with including, or allowing the inclusion of, materially false and misleading statements in the Registration Statement and Prospectus issued in connection with the IPO, in direct violation of the Securities Act. Specifically: defendants each failed to conduct an adequate due diligence investigation into the Company prior to the IPO; each also failed to reveal that, at the time of the IPO, the Company was *already* witnessing the adverse effects of an oversaturated computer memory market; and they were aware or were reckless or negligent in not knowing that Netlist had no strategy in place that would allow it to

---

[4] These facts were derived from the allegations contained in the class action styled as *Thu Tran v. Netlist, Inc., et al*, 07-cv-3754 (filed May 11, 2007).

minimize adverse market conditions in the general chip sector, as defendants had previously stated in road-show presentations to analysts and investors prior to, and media interviews immediately following, the November 2006 IPO.

It was only on April 16, 2007, after the close of trading and after defendants and other Company insiders liquidated over $6.5625 million of their personally held shares in connection with the IPO, that the truth about Netlist was revealed, including that the problems which existed at the time of the IPO would result in extremely disappointing results for the first quarter of 2007. At that time, defendants admitted that the Company was performing well below guidance, that earnings would be almost 75% lower than previous forecasts, and that expenses were higher than expected.

The following trading day, on the publication of this news, Netlist stock price collapsed. As evidence of this, shares of Netlist fell almost 30% in a single trading day—falling to approximately $4.29 per share—and amounting to a decline of almost 40% compared to the November 2006 IPO Offering price, and a decline of almost 70% compared to Netlist's trading period high of more than $12.00 per share. On April 17, 2007, Netlist also experienced exceptionally heavy trading volume with over 1.783 million shares traded, which was ten times the Company's prior-day average daily trading volume.

As a result of their purchases of Netlist stock in connection with the IPO, including those who purchased shares traceable to the Offering in the public markets immediately thereafter, plaintiff and other members of the Class suffered economic losses, *i.e.* damages under the federal securities laws.

## ARGUMENT

### I.    THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of the securities class actions is appropriate where, as here, the actions involve common questions of law and fact.  Both the Federal Rules of Civil Procedure (Fed. R. Civ. P. 42(a))[5] and the PSLRA provide for consolidation of related actions brought under the federal securities laws.  Section 77z-1(a)(3)(B)(ii) of the Securities Act addresses the issue of consolidation of related securities actions:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not make the determination [of appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered.

The related actions are perfectly suited for consolidation.[6]  The class actions contain very similar allegations charging the Company and key executives with making false and misleading statements, and omitting material information concerning the Company's financial health during the relevant period.  The class actions involve common legal issues and assert claims under the Securities Act.[7]  "While district courts have 'broad discretion' in determining the propriety of consolidation, this Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same public statements and reports.'"  *Glauser v. EVCI Career Colleges Holding Corp.*, No. 05-cv-10240, 2006 WL

---

[5] Fed. R. Civ. P. 42(a):  Consolidation.  When actions involving a common question of law or fact are pending before the Court…it may order all the actions consolidated.

[6] The *Belodoff* and *Swafford* actions were filed in the Central District of California, however, upon the determination of the proper venue for this action, it is anticipated that all similar actions filed against the Defendants will thereafter be related.

[7] This assessment is based upon a review of all of the related complaints currently available on PACER.

1302265, at *3 (S.D.N.Y. May 9, 2006).  Accordingly, this Court should consolidate the related actions.

## II.    THE TRAN GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A.    The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure.  *See* 15 U.S.C. § 77z-1(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 77z-1(a)(3)(A)(i).  Plaintiff in the first-filed action published a notice on *Market Wire* on May 28, 2007.  *See* Miller Decl. Exhibit B.[8]  This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than July 27, 2007.  Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action.  15 U.S.C. § 77z-1(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members.  15 U.S.C. § 77z-1(a)(3)(B)(i).  In determining who is the "most adequate plaintiff," the acts provide that:

---

[8] *Market Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service."  *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. August 6, 1997).

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—

    (aa)   has either filed the complaint or made a motion in response to a notice…

    (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii). *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

**B.**    **The Tran Group is "The Most Adequate Plaintiff"**

    **1.**    **The Tran Group Has Complied With the PLSRA and Should Be Appointed Lead Plaintiff**

The Tran Group moves this Court to be appointed Lead Plaintiff and has timely filed the instant motion to be appointed Lead Plaintiff within the 60-day time period requirement. The plaintiff in the first-filed action published notice on *Market Wire*, a national business-oriented wire service, on May 28, 2007. Accordingly, the Tran Group meets the requirement of 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa) and has filed its motion by July 27, 2007.

Moreover, the Tran Group has sustained a substantial loss from its investment in Netlist stock and has shown its willingness to represent the class by signing Certifications detailing its members' Netlist transaction information during the Class Period. *See* Miller Decl. Exhibit A. As demonstrated by their Certifications, the Tran Group is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice. In addition, the Tran Group has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent

the Class.  The firm biography of proposed Lead Counsel, KGS and Hagens Berman, is attached as Exhibit C to the Miller Declaration.

### 2.    The Tran Group Has the Largest Financial Interest

According to 15 U.S.C. § 77z-1(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action.  *See Sofran*, 220 F.R.D. at 401; *see also, Lee v. Axonyx, Inc., et al.*, No. 7:05-cv-2307, slip. Op., at pg. 8 (S.D.N.Y. Jan. 27, 2006) (Griesa, J.) (appointing movant with the largest financial interest). As demonstrated herein, Movant (with losses of $241,048.96) has the largest known financial interest in the relief sought by the Class.  *See* Miller Decl. Exhibit A.

### 3.    The Tran Group Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *See Oxford Health*, 182 F.R.D. at 49 (holding that

typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *See also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003), citing *In re Party City*, 189 F.R.D. at 106 ("In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification."). As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff. The Tran Group has claims that are typical of those of other Class Members and can adequately serve as Lead Plaintiff.

> ### i.    The Tran Group's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001), citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980); *see also, Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because the Tran Group's claims are identical, non-competing and non-conflicting with the claims of the other Class Members. The Tran Group and all of the Class Members purchased Netlist securities pursuant or traceable to

the Company's November 30, 2006 IPO and through April 17, 2007, when the stock prices were artificially inflated as a result of the Defendants' misrepresentations and omissions, and thus, both the Tran Group and the Class Members suffered damages as a result of these purchases. Simply put, the Tran Group, like all other Class Members: (1) purchased Netlist stock during the Class Period; (2) purchased Netlist stock at artificially-inflated prices as a result of Defendants' misrepresentations and omissions; and (3) suffered damages thereby. The Tran Group's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise." *Oxford Health*, 182 F.R.D. at 50. The Tran Group is not subject to any unique or special defenses. Thus, the Tran Group meets the typicality requirement of Fed. R. Civ. P. Rule 23, because their claims are the same as the claims of the other Class Members.

### ii.    The Tran Group Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 77z-1(a)(3)(B).

The Tran Group's interests are clearly aligned with the members of the Class because its claims are identical to the claims of the Class. There is no evidence of antagonism between its interests and those of the proposed Class Members. Furthermore, the Tran Group has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss they incurred as a result of the wrongful conduct alleged herein.

This motivation, combined with the Tran Group's identical interest with the members of the Class, clearly shows that the Tran Group will adequately and vigorously pursue the interests of the Class. In addition, the Tran Group has selected law firms that are highly experienced in prosecuting securities class actions such as this one to represent them.

In sum, because of the Tran Group's common interests with the Class Members, its clear motivation and ability to vigorously pursue this action, and its competent counsel, the adequacy requirement of Fed. R. Civ. P. Rule 23(a) is met in this case. Therefore, since the Tran Group not only meets both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, it is, in accordance with 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.

## III.   THE COURT SHOULD APPROVE THE TRAN GROUP'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). Thus, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

The Tran Group has selected KGS and Hagens Berman, to serve as proposed Lead Counsel for the Class. These firms have not only prosecuted complex securities fraud actions, but have also successfully prosecuted many other types of complex class actions. *See* Miller Decl. Exhibit C. Furthermore, the Tran Group's counsel has continually invested time and resources in carefully investigating and prosecuting this case. This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

## <u>CONCLUSION</u>

For all of the foregoing reasons, the Tran Group respectfully requests that this Court: (1) consolidate all related actions, (2) appoint the Tran Group to serve as Lead Plaintiff in this consolidated action; (3) approve the Tran Group's selection of Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: July 27, 2007                                  Respectfully submitted,

                                                      KAHN GAUTHIER SWICK, LLC

                                                       /s/  Kim E. Miller_____
                                                      Michael A. Swick  (MS-9970)
                                                      Kim E. Miller (KM-6996)
                                                      12 East 41st Street, 12th Floor
                                                      New York, NY 10017
                                                      Telephone:   (212) 696-3730
                                                      Facsimile:   (504) 455-1498

                                                      KAHN GAUTHIER SWICK, LLC
                                                      Lewis S. Kahn
                                                      650 Poydras St., Suite 2150
                                                      New Orleans, Louisiana 70130
                                                      Telephone (504) 455-1400
                                                      Facsimile: (504) 455-1498

                                                      And

                                                      HAGENS BERMAN SOBOL SHAPIRO,
                                                      LLP
                                                      Elaine Byszewski
                                                      Lee Gordon
                                                      700 South Flower Street, Suite 2940
                                                      Los Angeles, CA 90017
                                                      Tel: (213) 330-7149
                                                      Fax: (213) 330-7152

                                                      HAGENS BERMAN SOBOL SHAPIRO,
                                                      LLP
                                                      Reed Kathrein
                                                      715 Hearst Ave., Ste 202

Berkeley, CA, 94710
Tel: (510) 725-3000
Fax: (510) 725-3001

*Counsel for the Tran Group and Proposed
Lead Counsel for the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that this Memorandum was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on July 27, 2007.


/s/ Kim E. Miller
Kim E. Miller