**Netlist, Inc.**              **Tran Group Loss Chart**

### Thu Tran

| Date Purchased | Units | Unit Price | | Total |
|---|---|---|---|---|
| 1/30/2007 | 10000 | 9.29 | $ | 92,900.00 |
| 1/30/2007 | 2000 | 9.3 | $ | 18,600.00 |
| 2/1/2007 | 1000 | 9.83 | $ | 9,830.00 |
| 2/2/2007 | 200 | 9.25 | $ | 1,850.00 |
| 2/7/2007 | 148 | 9.05 | $ | 1,339.40 |
| 2/7/2007 | 300 | 9.15 | $ | 2,745.00 |
| 2/7/2007 | 700 | 9.15 | $ | 6,405.00 |
| 2/9/2007 | 1000 | 8.61 | $ | 8,610.00 |
| 2/9/2007 | 900 | 8.58 | $ | 7,722.00 |
| 2/9/2007 | 1000 | 8.55 | $ | 8,550.00 |
| 2/9/2007 | 1952 | 8.53 | $ | 16,650.56 |
| 2/15/2007 | 3000 | 8.35 | $ | 25,050.00 |
| 2/27/2007 | 3000 | 8.25 | $ | 24,750.00 |
| 3/1/2007 | 2000 | 8.56 | $ | 17,120.00 |
| 3/2/2007 | 2000 | 8.26 | $ | 16,520.00 |
| 3/2/2007 | 1000 | 8.28 | $ | 8,280.00 |
| 3/14/2007 | 1000 | 7.31 | $ | 7,310.00 |
| | 31200 | **Total Purchases** | $ | 274,231.96 |

| Date Sold | Units | Unit Price | | Total |
|---|---|---|---|---|
| 4/18/2007 | 10000 | 4.31 | $ | 43,100.00 |
| 4/18/2007 | 21200 | 4.32 | $ | 91,584.00 |
| | 31200 | **Total Sales** | $ | 134,684.00 |
| | | **Loss** | $ | **139,547.96** |

### Darrell Magnussen

| Date Purchased | Units | Unit Price | | Total |
|---|---|---|---|---|
| 4/11/2007 | 1000 | 6.5 | $ | 6,500.00 |
| 4/11/2007 | 1000 | 6.73 | $ | 6,730.00 |
| 4/12/2007 | 9700 | 6 | $ | 58,200.00 |
| 4/12/2007 | 4000 | 6.05 | $ | 24,200.00 |
| 4/12/2007 | 500 | 6.11 | $ | 3,055.00 |
| 4/12/2007 | 500 | 6.03 | $ | 3,015.00 |

**Netlist, Inc.**             **Tran Group Loss Chart**

| Date | Units | Unit Price | | Total |
|---|---|---|---|---|
| 4/12/2007 | 1000 | 6.25 | $ | 6,250.00 |
| 4/17/2007 | 12000 | 4.28 | $ | 51,360.00 |
| 4/17/2007 | 300 | 4.27 | $ | 1,281.00 |
| | 30000 | **Total Purchases** | $ | 160,591.00 |
| | 30000 | **Held** | $ | 99,000.00 |
| | | **Loss** | $ | **61,591.00** |

**Paul Stroub**

| Date Purchased | Units | Unit Price | | Total |
|---|---|---|---|---|
| 12/1/2006 | 500 | 8.25 | $ | 4,125.00 |
| 12/1/2006 | 500 | 8.20 | $ | 4,100.00 |
| 12/1/2006 | 500 | 8.00 | $ | 4,000.00 |
| 12/7/2006 | 1000 | 10.50 | $ | 10,500.00 |
| 12/7/2006 | 500 | 10.00 | $ | 5,000.00 |
| 12/8/2006 | 500 | 9.75 | $ | 4,875.00 |
| 2/2/2007 | 1000 | 9.50 | $ | 9,500.00 |
| 2/5/2007 | 1000 | 9.00 | $ | 9,000.00 |
| 2/5/2007 | 1000 | 9.01 | $ | 9,010.00 |
| | 6500 | **Total Purchases** | $ | 60,110.00 |

| Date Sold | Units | Unit Price | | Total |
|---|---|---|---|---|
| 5/16/2007 | 4500 | 3.00 | $ | 13,500.00 |
| | 4500 | **Total Sales** | $ | 13,500.00 |
| | 2000 | **Held** | $ | 6,600.00 |
| | | **Loss** | $ | **40,010.00** |
| | | **Total Loss** | $ | **241,148.96** |

The closing price of $3.30 is assigned to held shares as of 5/11/2007, to calculate the difference between the amount paid for the security and the value thereof as of the time such suit was brought

### CERTIFICATION IN SUPPORT OF APPLICATION FOR LEAD PLAINTIFF

THU TRAN _____ (name) ("plaintiff") declares, as to the claims asserted under the federal securities law, that:

1. Plaintiff has fully reviewed the facts of the complaint(s) filed in this action alleging violations of the securities laws and plaintiff is willing to serve as a lead plaintiff in this case and all other related cases that may be consolidated with it.

2. Plaintiff did not purchase securities of Netlist, Inc. at the direction of counsel or in order to participate in a private action under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. During the Class Period, plaintiff has executed transactions in the securities of Netlist, Inc. as follows. See Attached Schedule.

5. In the last three years, plaintiff has not sought to serve as a representative party on behalf of a class in an action filed under the federal securities laws, except as indicated herein.

6. Plaintiff will not accept payment for serving as a lead plaintiff beyond its pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: 04/25 , 2007

_____
Plaintiff

**Netlist, Inc.**          **Thu Tran Transactions**

| Date Purchased | Units | Unit Price |
|---|---|---|
| 1/30/2007 | 10000 | 9.29 |
| 2/7/2007 | 148 | 9.05 |
| 2/9/2007 | 1000 | 8.61 |
| 2/9/2007 | 900 | 8.58 |
| 2/9/2007 | 1000 | 8.55 |
| 2/9/2007 | 1952 | 8.53 |
| 2/15/2007 | 3000 | 8.35 |
| 3/2/2007 | 2000 | 8.26 |
| 1/30/2007 | 2000 | 9.30 |
| 2/7/2007 | 300 | 9.15 |
| 2/7/2007 | 700 | 9.15 |
| 2/27/2007 | 3000 | 8.25 |
| 3/1/2007 | 2000 | 8.56 |
| 3/2/2007 | 1000 | 8.28 |
| 3/14/2007 | 1000 | 7.31 |
| 2/1/2007 | 1000 | 9.83 |
| 2/2/2007 | 200 | 9.25 |

| Date Sold | Units | Unit Price |
|---|---|---|
| 4/18/2007 | 10000 | 4.31 |
| 4/18/2007 | 21200 | 4.32 |

## CERTIFICATION IN SUPPORT OF APPLICATION FOR LEAD PLAINTIFF

Darnell D. Magnusen (name) ("plaintiff") declares, as to the claims asserted under the federal securities law, that:

1. Plaintiff has fully reviewed the facts of the complaint(s) filed in this action alleging violations of the securities laws and plaintiff is willing to serve as a lead plaintiff in this case and all other related cases that may be consolidated with it.

2. Plaintiff did not purchase securities of Netlist, Inc. at the direction of counsel or in order to participate in a private action under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. During the Class Period, plaintiff has executed transactions in the securities of Netlist, Inc. as follows. See Attached Schedule.

5. In the last three years, plaintiff has not sought to serve as a representative party on behalf of a class in an action filed under the federal securities laws, except as indicated herein.

6. Plaintiff will not accept payment for serving as a lead plaintiff beyond its pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 29, 2007

_____
Plaintiff

**Netlist Inc.**             **Darrell Magnussen Transactions**

| Date Purchased | Units | Unit Price |
|---|---|---|
| 4/11/2007 | 1000 | 6.5 |
| 4/11/2007 | 1000 | 6.73 |
| 4/12/2007 | 9700 | 6 |
| 4/12/2007 | 4000 | 6.05 |
| 4/12/2007 | 500 | 6.11 |
| 4/12/2007 | 500 | 6.03 |
| 4/12/2007 | 1000 | 6.25 |
| 4/17/2007 | 12000 | 4.28 |
| 4/17/2007 | 300 | 4.27 |

## CERTIFICATION IN SUPPORT OF APPLICATION FOR LEAD PLAINTIFF

PAUL J. STROUB (name) ("plaintiff") declares, as to the claims asserted under the federal securities law, that:

1. Plaintiff has fully reviewed the facts of the complaint(s) filed in this action alleging violations of the securities laws and plaintiff is willing to serve as a lead plaintiff in this case and all other related cases that may be consolidated with it.

2. Plaintiff did not purchase securities of Netlist, Inc. at the direction of counsel or in order to participate in a private action under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. During the Class Period, plaintiff has executed transactions in the securities of Netlist, Inc. as follows. See Attached Schedule.

5. In the last three years, plaintiff has not sought to serve as a representative party on behalf of a class in an action filed under the federal securities laws, except as indicated herein.

6. Plaintiff will not accept payment for serving as a lead plaintiff beyond its pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: JULY 26, 2007

_Paul Stroub_
Plaintiff

**Netlist, Inc.**       **Paul Stroub Transactions**

| Date Purchased | Units | Unit Price |
|---|---|---|
| 12/1/2006 | 500 | 8.25 |
| 12/1/2006 | 500 | 8.2 |
| 12/1/2006 | 500 | 8 |
| 12/7/2006 | 1000 | 10.5 |
| 12/7/2006 | 500 | 10 |
| 12/8/2006 | 500 | 9.75 |
| 2/2/2007 | 1000 | 9.5 |
| 2/5/2007 | 1000 | 9 |
| 2/5/2007 | 1000 | 9.01 |

| Date Sold | Units | Unit Price |
|---|---|---|
| 5/16/2007 | 4500 | 3 |